Drainage District v. Campbell.

NISHNABOTNA DRAINAGE DISTRICT v. CAMP-
BELL, et al., Appellants.

Division Two, February 6, 1900.

1. **Condemnations: DRAINAGE DITCH: LEGAL PROCEEDINGS.** Proceed-
ings for the purpose of taking the property of a citizen for public
use must be in strict compliance with legislative enactments author-
izing them.

2. **Drainage Ditch: CONDEMNATION NOTICE.** Under the statutes con-
cerning the condemnation of a right of way for a drainage ditch,
a notice given by publication to landowners who are residents of
the county, is sufficient.

3. ——: ——: **LENGTH OF NOTICE.** Where the statute requires
a notice of fifteen days to be given by publication of the filing of
a petition in the circuit court, it is only necessary that fifteen days
intervene between the first publication and the day fixed for the
hearing or appearance. It is not necessary that fifteen days inter-
vene between the first and last insertion of the notice in the paper.

4. ——: ——: **COMMISSIONERS' REPORT: OBJECTIONS.** Objections
to the report of the commissioners appointed to assess damages
for the right of way through land condemned for a drainage ditch,
must be filed within thirty days after service of notice upon the
landowners of the filing of the report. The requirement is manda-
tory and nothing less than an extension of time by the court, or by
agreement of parties to the action, will justify the filing of the objec-
tions at any other term than that prescribed. The filing of a motion
to quash the service of process will not lengthen out that time.

5. ——: ——: ——: ——: **JURY TRIAL: WAIVER.** After the
landowners' objections to the commissioners' report are overruled,
they are still entitled to have the damages sustained by them by rea-
son of the location of a drainage ditch through their land, assessed
by a jury, but this is a right that may be waived, and a failure to
demand a jury is a waiver.

6. ——: ——: **MOTION TO QUASH: NOTICE.** Motions to quash a
notice to the landowners in a drainage ditch condemnation case,
on the ground that it was not sufficient to give the court jurisdiction
of the parties, is not a part of the pleadings, and can only be pre-
served on appeal by being made a part of the bill of exceptions.

7. ———: ———: SUFFICIENCY OF COMMISSIONERS' REPORT. It is not necessary that the commissioners' report in such case should be accompanied with any plat or profile, nor state the amount of land taken, nor refer to any map or profile.

8. ———: ———: PRACTICE: NO EXCEPTION: MOTION IN ARREST. Where no exceptions to the commissioners'. report in a proceeding to condemn land for a drainage ditch are filed within the time prescribed by statute, and the petition states a cause of action, and there is no motion in arrest, no other question as to the sufficiency of the petition can be raised on appeal.

Appeal from Atchison Circuit Court.—*Hon. C. A. Anthony,*
Judge.

AFFIRMED.

*Hunt & Bailey* for appellants.

(1)   The court under this notice acquired no jurisdiction, either of the person or subject-matter, of this case, for the reason:   First, the defendants are all residents of the county of Atchison, state of Missouri, and were never personally served with said notice, but the only service attempted or relied upon, was service by publication in the Atchison County Journal.   The service, as to resident defendants, is null and void.   Acts of 1895, p. 213, secs. 6522, 6527, 2033, 2034, 2035 and 2036, R. S. 1889; George v. Middough, 62 Mo. 549; Parker v. Johnson, 22 Mo. App. 516; Railroad v. Jones, 54 Mo. App. 529; Ryan v. Kelley, 9 Mo. App. 396; Corneli v. Partridge, 3 Mo. App. 575; Morgan v. Railroad, 76 Mo. 161.   Second, said notice is void to non-residents for want of the proper time.   The first insertion was on August 7th, 1896, the second on August 14th, and the third and last insertion was August 21, 1896, counting time according to law there was but thirteen days' notice instead of fifteen.   The petition was presented on the 24th of August.   The last insertion was three days before it was presented to the court in chambers, instead of fifteen days as the law requires.   R. S. 1889, sec. 6570; Reynolds v. Railroad, 64 Mo. 70; Simers v. Schrader,

14 Mo. App. 346; White v. Hawthorn, 21 Mo. App. 439; Sappington v. Lenz, 52 Mo. App. 44; St. Louis v. Bambrick, 41 Mo. App. 648; State v. Harris, 121 Mo. 445. (2) The commissioners were appointed by the court in chambers on August 24, 1896, and filed their report with the clerk of the circuit court of said Atchison county on September 3, 1896. The circuit court of that county convened on the 28th day of September, 1896, the circuit clerk issued his notice according to law on September 3, 1896, and the same was served on these defendants by the sheriff of the county on the 3d day of September, 1896. (3) On the 1st day of October, it being the fifth day of the September term of said circuit court, 1896, these defendants filed their motion to quash the pretended notice given by plaintiff, of his intention to make application for the appointment of commissioners. This motion came up for hearing on the 6th day of October, 1896, and was by the court overruled. Defendants then on October 6th, filed their objections to the report of the commissioners. On the same day, October 6th, plaintiff filed motion to strike out defendants' objections, because not filed in time. On the 7th day of October, 1896, the court sustained plaintiff's motion to strike out defendants' objections, and defendants appealed. The motion of defendants to strike out the pretended notice, went to the merits of the case and no other pleading was necessary until it was disposed of, nor could objections or answer be filed until it was disposed of, for the motion was responsive to the pleading. 1 McQuillin's Plead., sec. 330; R. S. 1889, secs. 2085 and 2086; Praston v. Talmage, 87 Mo. 13; Hill v. Meyer, 47 Mo. 585; Gale v. Michi, 47 Mo. 326; Green's Mo. Prac., secs. 396 and 941; Bliss on Code Plead., sec. 420; Whittelsey's Plead., p. 305; Railroad v. Almert, 62 Mo. 343; Railroad v. Eubanks, 32 Mo. App. 184. (4) The court by its action deprived the defendants of one of their constitutional rights, viz., trial by jury. And this right is no part of exceptions. Constitution, Art. XII, sec. 4; Railroad v. Story, 96

Mo. 611; Railroad v. Cox, 41 Mo. App. 499. (5) The report of the commissioners is not in accordance with the law and is void, for the reason that it is not accompanied with any plat or profile, nor does it state how they assessed the damages, the amount of land taken, nor refer, in any way to any map, plat or profile, by which the defendants could ascertain the same. The petition is equally as faulty. R. S. 1889, sec. 6525; Railroad v. Story, 96 Mo. 611; Hannibal Bridge Co. v. Schaubucker, 57 Mo. 582; Railroad v. Ridge, 57 Mo. 599; Lee v. Railroad, 53 Mo. 178; Railroad v. Baker, 102 Mo. 553; Railroad v. Fowler, 113 Mo. 458; Railroad v. Dawbey, 50 Mo. App. 480.

*Lewis & Ramsay* for respondent.

(1) The notice though not strictly required by the act, was published in all the issues of the paper, from the first insertion to the day of hearing before the judge. The notice commenced on the 7th, the hearing was on the 24th, the day set in the notice, and was for seventeen days instead of thirteen as appellant asserts. German Bank v. Stumpf, 73 Mo. 311; Kellogg v. Curry, 47 Mo. 157; Railroad v. Story, 96 Mo. 620. The defendants are more perfectly and completely brought before the court by the thirty days' notice issued after the report of the commissioners is filed. R. S. 1889, 6527; Thompson v. Railroad, 110 Mo. 147. (2) Defendants' motion to quash was not an appearance to the merits, but for the purpose of the motion only. The express statement of the motion is: "Now comes the defendants and appearing specially for the purpose of this motion and this motion only and moves the court to quash the pretended notice." And defendants should not be allowed to blow both "hot and cold" to insist that they were not bound to appear because notice was insufficient, and then to insist that they had appeared to the merits and thus kept alive their rights to file objections. Hill

v. Meyer, 47 Mo. 585; Huff v. Shepard, 58 Mo. 242; Tower v. Moore, 52 Mo. 118; Hollowell v. Page, 24 Mo. 590; Whittlesey's Prac., sec. 154. (3) Defendants might, perhaps, under the constitution, have demanded a right to try the question of damages by a jury, without formal exceptions. Railroad v. Randolph Town Site Co., 103 Mo. 451. Yet, in this case, they made no such request or demand, and the exceptions being filed out of time, the court had a right to disregard them. U. S. v. Reed, 56 Mo. 565; Railroad v. Eubanks, 32 Mo. App. 184; Howell v. Page, 24 Mo. 590. (4) The petition states facts to give jurisdiction, and as no issues are made, or were ever offered upon any of the jurisdictional questions, the allegations are sufficient without more formal proof. Railroad v. Randolph Town Site Co., 103 Mo. 451. The old strict rule in condemnation is much modified, presumptions of regularity are indulged in condemnation proceedings the same as in other cases. Leonard v. Shark, 117 Mo. 103; Burke v. Kansas City, 118 Mo. 309; Brand v. Cannon, 118 Mo. 595. Besides the statute provides that the proceedings shall be summary and shall "carry out liberally the purposes and needs of such drainage district." Acts 1895, pp. 213 and 214.

BURGESS, J.—This is a condemnation proceeding by plaintiff, a duly organized board of Atchison county, the object of which is to condemn a right of way over and upon which to construct and maintain a drainage ditch through the lands of defendants, located in that county under the provisions of sections 6517 to 6560, Revised Statutes 1889, and amendments thereto by an act of the General Assembly of this State, entitled "An Act to amend article three, of chapter ninety-seven of the Revised Statutes of 1889, in regard to swamp and overflowed lands," approved April 9, 1895. (Laws 1895, p. 212.)

There was judgment condemning the land as prayed,

from which defendants after an unsuccessful motion for a new trial appeal.

No question is raised as to the proper organization of the plaintiff, or its purposes.

The first question for consideration presented by this appeal is with respect to the sufficiency of the notice of the intended application to the court or judge in vacation for the appointment of commissioners to assess damages for the right of way. By the amendatory Act of April 9, 1895, amending article three of chapter ninety-seven, *supra*, it is provided that when the board of supervisors are unable to agree with the owners of any such property as to the acquisition of such right of way, or if the owners are not residents of the county, or can not be found, or are minors or persons of unsound mind, or incapable of making a legal contract, the board of supervisors, when other means are not specifically provided, may on giving fifteen days' notice in the same manner as prescribed in section 6522 of said Act, specifying the general nature of the proceedings, and the time and place of hearing, present a petition to the circuit court of the county in which the district is organized, or the judge thereof in vacation, asking for the condemnation of the right of way, and the appointment of three disinterested freeholders of such county as commissioners to assess the damages, etc. Section 6522, *supra*, provides that such notices shall be given by publication in some newspaper published at the county seat of the county in which such district was organized, and if there be no such newspaper, then by posting not less than six written or printed hand bills in different public places in the district.

Defendants contend that the notice was insufficient, and the court consequently without jurisdiction, there being no other notice, for several reasons which we will dispose of in the order presented. The ground for this contention is that defendants were all residents of the county, and that no provision is made by statutes in proceedings of this character

for the service of notice upon residents of the county, whose lands are sought to be condemned by publication in a newspaper.

Proceedings for the purpose of taking the property of a citizen for public use being in derogation of common law and common right, must be in strict compliance with legislative enactments which authorize them, for in no other way can his property be taken. "The record must affirmatively show that the conditions precedent to the exercise of such extraordinary powers have been fully complied with." [K. C. St. Jo. & C. B. R. R. Co. v. Campbell, Nelson & Co., 62 Mo. 586; Ells v. Railroad, 51 Mo. 200; Cunningham v. Railroad, 61 Mo. 33.]

Under this well established and just rule, the mandates of the law under which the proceedings were had must have been strictly complied with in regard to the notice in question in order to give the court jurisdiction of the parties. There is no question but that it had jurisdiction of the subject-matter in controversy, but it was just as essential to its power to exercise the right of condemning the property of defendants for the use contemplated, that it have jurisdiction of the defendants as of the subject-matter in controversy, for without such jurisdiction it would be taking private property for drainage purposes without due process of law. Section 6527, *supra*, makes no provision within itself for the service of notice on defendants who are residents of the county in which the proceedings are begun, but does provide, that when the board of supervisors are unable to agree with the owners of the land sought to be condemned for the right of way, or if the owners are not residents of the county, etc., they may when other means are not specifically provided, on giving fifteen days' notice in the same manner as prescribed in section 6522, specifying the general nature of the proceedings, and the time and place of hearing, present a petition to the circuit court of the county for the appointment of commissioners to view the ground and assess the damages, while by said section 6522, it

is provided that the notice required by it shall be given by publication in some newspaper published at the county seat of the county in which such district was organized, and, if there be no such newspaper, then by posting not less than six written or printed hand bills in different public places in the district. No other means are specifically provided by the statute under which these proceedings were had for notifying persons whose lands are sought to be condemned or of the purpose to do so, and, the time when and place where, and the court or judge to whom the application will be made for the appointment of the commissioners, hence the notice required in such circumstance must have been intended to be that which is required by section 6522, *supra*. That the legislature had the right to prescribe the manner of giving notice in such cases there can be no question, provided always that it be reasonable.

But defendants contend that even if the manner of giving the notice was in accordance with the requirements of the statute, still it was not published for fifteen days before the time at which they were notified to appear before the judge of the court, to show cause why commissioners should not be appointed to assess the damages.

The time specified in the notice at which defendants were notified to appear before the judge, was August 24, 1896, while its first insertion in the newspaper was on August 7, 1896, and, thereafter weekly until the 21st of that month, when it was published for the last time. There were therefore, seventeen days' notice, including the day of its first insertion in the paper, and excluding the 24th the day upon which the application was heard. It was only necessary that fifteen days intervene between the first publication and the day fixed for hearing the application, while as has been said there were seventeen days. [German Bank v. Stumpf, 73 Mo. 311; Kellogg v. Carrico, 47 Mo. 157.]

The commissioners were appointed on August 24, 1896,

who after having qualified as such, viewed the premises, and filed their report with the clerk of the circuit court of Atchison county on September the 3rd next thereafter, and the clerk on the same day issued notice to defendants of the filing of said report, which was duly served on each of the defendants on the same day that it was issued. The court convened on the 28th day of September, 1896, and on the 5th day of the term, October 5th, 1896, defendants filed their motion to quash the notice given by plaintiff of its intention to make application for the appointment of commissioners. This motion was overruled on the 6th day of October, 1896, and thereafter on the same day, defendants filed their objections to the report of the commissioners, which objections were upon motion of plaintiff stricken out on the 7th day of October, 1896, upon the ground of their not having been filed in time. Defendants now contend that their motion to strike out the notice given by plaintiff of its intention to make application for the appointment of commissioners, went to the merits of the case, and no other pleading was necessary until it was disposed of, nor could objections or answer be filed until it was disposed of, for the motion was responsive to the pleading. The motion to strike out the notice, and the objections to the report of the commissioners, had no direct connection whatever with, nor were they dependent upon or inconsistent with each other. There was therefore no reason why the objections to the report of the commissioners should not have been filed at any time after the report was filed, and within the next thirty days thereafter. It is quite true that if the motion to strike out the notice had prevailed, that the report could not have been confirmed, because of the want of jurisdiction in the court to do so, but that was no excuse for not filing the objections to the report, which the law provides (sec. 6522, *supra*), if no objections are filed thereto within thirty days after service of such notice, shall be final, and shall be approved as to all persons not objecting. The time in which such objections are to be

filed is mandatory, and nothing less than an extension of time by the court, or by agreement of the parties to the action, would justify the filing of the objections at any other term than that prescribed. [Anderson v. Pemberton, 89 Mo. 61.] Besides the motion to quash the notice is not under our code a pleading, and can be made a part of the record in any case only by bill of exceptions, and can not be said to have been responsive to any other pleading in this case than the petition, if that. The report of the commissioners was in no sense a pleading. The objections to the report were not therefore filed in time, and no error was committed in striking them out.

It is claimed by defendants that the court by its action deprived them of the right to a trial of the issues in the case by a jury.

After defendants' objections to the report of the commissioners were overruled they still had the right to have the damages sustained by them by reason of the location of the ditch through their land assessed by a jury (Art. 12, sec. 4, State Constitution; K. C., C. & S. Ry. Co. v. Story, 96 Mo. 611), but they failed to demand a jury for that purpose, and as it is a right that may be waived it must be held that defendants by reason of their failure to make such demand, waived such right. [K. C., C. & S. Ry. Co. v. Story, 96 Mo. 620; Jones v. Ins. Co., 55 Mo. 342; Merrill v. St. Louis, 83 Mo. 244; C., M. & St. P. Ry. Co. v. Randolph Town Site Co., 103 Mo. 451.]

Another contention by defendants is that the report of the commissioners is not in accordance with the law and void, for the reason that it is not accompanied with any plat or profile, nor does it state how they assessed the damages, the amount of land taken, nor refer in any way to any map, plat or profile by which defendants could ascertain the same. Also that the petition is equally faulty. Section 6525, Revised Statutes 1889, is referred to in support of the contention with respect

to the report of the commissioners, but a casual reading of that statute will convince any one that it has no reference whatever to the report of the commissioners. The maps and profiles required by that section to be made by the engineer are to be made to the board of supervisors of the district, and the commissioners have nothing to do with them. Moreover, defendants' objections to the report should have been made by exception thereto filed within the time prescribed by the statute, but they failed to file their exceptions in time.

The petition states a cause of action, and as there was no motion in arrest filed, no other question as to its sufficiency can be raised on this appeal.

Finding no reversible error in the record we affirm the judgment.

*Gantt, P. J.,* and *Sherwood, J.,* concur.