LEON KAHN, Respondent, v. MERCANTILE TOWN MUTUAL INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals. Submitted on Briefs June 28, 1910. Opinion Filed July 12, 1910.

1. APPELLATE PRACTICE: Amending Return of Process: Exception Prerequisite to Review. An assignment of error based on the action of the lower court in permitting the sheriff to amend his return will not be sustained on appeal, where no proper steps were taken to preserve an exception to this action.

2. PROCESS: Amendment of Return: Notice: Parties in Court. Where defendant filed a motion to quash the sheriff's return of a summons, he was not entitled to special notice that plaintiff would apply for leave for the sheriff to amend his return, defendant being in court, either actually or constructively, when the order to permit the amendment was made.

3. ———: ———: Relates Back to Date of Service. A sheriff's amendment of his return of process relates back to the date of actual service.

4. **JURY: Judgment by Default: Assessment of Damages: Necessity of Demanding Jury.** By failing to request a jury to assess damages as authorized by section 775, Revised Statutes 1899, a party waives his right to a jury for that purpose.

5. **JUDGMENTS: Action on Judgment of Federal Court: Alleging Jurisdiction Over Parties: Pleading: Sufficiency of Petition.** The plaintiff, in an action on a judgment obtained against an insurance company on a policy in the United States Court in Indian Territory, alleged in his petition that he was a citizen of the United States and resided in Indian Territory, and that defendant's chief office was in St. Louis, Missouri, which allegations were admitted by defendant. *Held*, that the jurisdiction of the United States Court in Indian Territory over the parties was thereby shown, under Act of Congress, approved March 1, 1899, section 6, 25 U. S. Statutes at Large, p. 784, providing "that the court hereby established (United States Court in the Indian Territory) shall have jurisdiction in all civil cases between citizens of the United States who are residents of the Indian Territory . . . or of any state or territory therein.

6. ———: **Judgments of Federal Court: Presumption.** A judgment rendered by a United States court is entitled to equal rank and presumption of regularity as judgments of the circuit courts of this state.

7. ———: **Action on Foreign Judgment: Including Interest and Costs.** In an action on a foreign judgment, it was proper to include interest and costs in the amount of plaintiff's recovery.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Barclay, Shields & Fauntleroy* for appellant.

(1) The original return of service on the official in charge of "defendant's usual business office" was fatally deficient under the law requiring service on the person in charge of the "principal office of such company," as defendant. R. S. 1899, sec. 8092; Thomason v. Ins. Co., 89 S. W. Rep. 564. (2) The trial court erred in permitting an amendment of the return, without notice thereof to defendant and entering judgment against defendant thereon. Trust Co. v. Railroad, 93

S. W. Rep. 944. (3) After the trial court allowed the amendment of the return, at the October term, 1905, it was error to permit a default to be taken against defendant, December 4, 1905, before the time to plead at the December term had expired; and for that error the judgment was "irregular because prematurely rendered," as assigned in defendant's special motions in the trial court. Trust Co. v. Railroad, 93 S. W. Rep. 944. (4) The rendition of final judgment "by default without any inquiry of damages was erroneous, because the petition does not aver that the alleged judgment was rendered" by a court of record; the averment that the court was "of general jurisdiction" is not equivalent to the required averment. R. S. 1899, secs. 774, 775; Bank v. Marlow, 71 Mo. 618. It is error to enter judgment final upon default (without inquiry of damages and a hearing thereon accorded to defendant) except in those cases permitted by statute where the suit is alleged to be founded on an instrument of writing or on the judgment of a court of record. Wetzell v. Waters, 18 Mo. 396; White v. Snow, 71 N. C. 232; Hammerslough v. Farrior, 95 N. C. 135; Mayfield v. Jones, 70 N. C. 536. As plaintiff claimed interest for nearly two years before the date of the first judgment and an unnamed amount of costs in addition to the amount of the judgment itself, that part of plaintiff's demand was obviously unliquidated and not within the record of judgment, and hence the default should have been followed by an inquiry of damages. Noyes v. Newmarch, 1 Allen 51; Railroad v. Chicago, 53 Ill. 80; Lightsey v. Harris, 20 Ala. 51. (5) The judgment sued on was not good as a basis for a second judgment because uncertain as to amount. It is invalid as to the back interest (no rate named) and as to the untaxed costs. Simmons v. Garrett, McCahon (Kan.) 82; Troxwell v. Fugate, Hard. (Ky.) 2; Prince v. Lamb, 1 Ill. 378. (6) The petition does not state a cause of action. It appears from the petition affirmatively that the judgment sued

upon was rendered by a court of special or limited jurisdiction, namely, the United States Court in the Indian Territory. Such a Federal court is of limited and special jurisdiction, and the essential facts to show its jurisdiction must appear affirmatively in a suit on its judgment in another state. Crabtree v. Madden, 54.. Fed. 428; Turner v. Bank, 4 Dall 11; Confiscation cases, 20 Wall. 108; Colo. Co. v. Turck, 150 U. S. 143; Wolfe v. Ins. Co., 148 U. S. 389; Lucas v. U. S., 163 U. S. 612. (7) If it be claimed that in pleading a foreign judgment by a court of limited or special jurisdiction, our code allows the plaintiff to over that it "was duly given or made," instead of stating "the facts conferring jurisdiction," the court will note that no such statutory formula is used in the petition here. It is averred only that "a judgment was by said court rendered," etc., which is fatally wide of the statutory substitute for jurisdictional facts. R. S. 1899, sec. 634; Mears v. Shaw, 32 Mont. 575 (81 Pac. 338); Judah v. Fredericks, 52 Cal. 386; Young v. Wright, 52 Cal. 407; Hunt v. Dutcher, 13 How. Pr. 538; Pomeroy, Rem. Rights (2 Ed.), sec. 640. (8) The petition omits to make any allegation of citizenship of the parties to the first action or judgment or of the amount of the original claim in that action. These are fatal omissions in a suit on a foreign judgment. The jurisdictional facts should be recited in the petition. Mansfield Ry. v. Swan, 111 U. S. 382; Karns v. Kunkle, 2 Minn. 313; Hofheimer v. Losen, 24 Mo. App. 652; Wise v. Loring, 54 Mo. App. 258; Railroad v. Hyde, 56 Fed. 188. (9) The averment of the amount of the recovery does not supply a want of averment of amount of the demand sued for, which furnishes the test of the amount in controversy in the first suit, and on the amount in controversy depended the Federal jurisdiction. There must first be jurisdiction before a judgment is reached. U. S. v. Sayward, 160 U. S. 493; Scott v. Donald, 165 U. S. 58.

(10) In seeking to enforce a judgment of another state against a corporation foreign there, the facts necessary to confer jurisdiction to render the judgment must be alleged affirmatively. Here they are not even hinted at. This is a general, well-accepted rule. St. Clair v. Cox, 106 U. S. 350; Henning v. Ins. Co., 28 Fed. 440; Hazeltine v. Ins. Co., 55 Fed. 746; Earle v. Railroad, 127 Fed. 237; Hofheimer v. Losen, 24 Mo. App. 652; Hollister v. Hollister, 10 How. Pr. 539; McLaughlin v. Nichols, 13 Abb. Pr. 244. (11) The Federal laws which confer jurisdiction on the United States Court in the Indian Territory exclude cases over which the tribal courts have jurisdiction; and under the laws governing the Indian country, the jurisdiction of the United States Court does not reach such a case as is described in plaintiff's petition herein. 26 U. S. St. at L. 81, ch. 182; Crabtree v. Madden, 54 Fed. 428; Sneed v. Sellers, 66 Fed. 371; Briscoe case, 40 Fed. 273; Harkness v. Hyde, 98 U. S. 476; Lucas v. U. S., 163 U. S. 612.

*Lee W. Grant* and *Pierre B. Kennedy* for respondent.

(1) The courts of this state will permit amendments to be made to the return of a writ to correspond with the facts of the case and if the amendment be made at a term subsequent to the return term it will relate back to the proper return day. Webster v. Marsh, 39 Mo. 500. (2) Even had defendant filed a motion to require plaintiff to file the transcript of the judgment this would not have dispensed with the necessity of answering. A default could have been taken while this motion was pending if no answer was filed. Hill v. Meyer, 47 Mo. 585. (3) A judgment of a United States court cannot be attacked for irregularity or error. Reed v. Vaughan, 15 Mo. 137; Copenhaver v. Stewart, 118 Mo. 377; Wonderly v. Lafayette County, 150 Mo. 635; Bracken v. Milner, 99 Mo. App. 187. (4)

Objection to a judgment as being excessive cannot be raised in a collateral proceeding. Howard v. Still, 14 Mo. App. 584. Every presumption is indulged in favor of the regularity and validity of a judgment. Bearden v. Miller, 54 Mo. App. 199.

REYNOLDS, P. J.—This case was brought on appeal to this court from the circuit court of the city of St. Louis, the certified copy of the judgment rendered and the order allowing the appeal being filed in this court May 5, 1906. It was submitted on briefs October 3, 1906, and on the 5th of February, 1907, the judgment of the circuit court was affirmed, the opinion of this court being written by the then presiding judge, the Honorable Charles C. BLAND, in which all the court concurred. Afterwards on motions made to transfer the case to the Supreme Court on the ground stated, among others, that it involved the construction of the Constitution of the United States and was not a cause within the appellate jurisdiction of this court, the judgment of affirmance theretofore rendered by this court was set aside and the cause transferred to the Supreme Court. In due course the cause came on to be heard in that court. On the 31st of May, 1910, an order was entered by the Supreme Court, transferring the cause back to this court, the Supreme Court reaching the conclusion that no federal questions had been raised in the circuit court and preserved so as to present a question conferring jurisdiction upon that court, all the judges of Division No. 1 concurring in that conclusion, which was announced by Judge WOODSON; Judges VALLIANT, LAMM and GRAVES concurring on grounds differing from that announced by Judge WOODSON. See 228 Mo. 585, 128 S. W. 995. As this court in transferring the case to the Supreme Court did so solely on the question of jurisdiction and not from any doubt as to the correctness of the conclusion reached by it on the merits, and as the question of juris-

diction is now settled by the Supreme Court, counsel having submitted the case on the briefs heretofore filed, it is only necessary, in disposing of the case, to adopt the opinion heretofore handed down by Judge BLAND, which, with the statement made by him, is as follows:

"In September, 1904, plaintiff brought an action in the United States Court of the Southern District, at Ada, Indian Territory, to recover on a policy of insurance against loss by fire, issued by defendant to plaintiff. In his petition, plaintiff alleged that he was a citizen of the United States, and a resident of the town of Roff, Chickasaw 'Nation, Indian Territory; that defendant was a foreign corporation, engaged in the business of fire insurance, whose office and principal place of business was in the city of St. Louis, Missouri. Defendant was duly served with process in Indian Territory and, on December 30, 1904, appeared in the United States Court to said action and filed its answer, wherein it admitted plaintiff was a citizen of the United States and a resident of the town of Roff, Indian Territory; and also admitted that it was a foreign corporation, engaged in the insurance business and its principal place of business was in the city of St. Louis, Missouri. On March 7, 1905, the cause came on to be heard, and plaintiff recovered a judgment for $905, and interest thereon from the first day of July, 1903, until the judgment should be paid, together with all costs in the action expended, for all of which execution was awarded. Plaintiff brought suit on the judgment in the circuit court of the city of St. Louis, and recovered a judgment by default thereon, from which defendant appealed.

"The original return of the sheriff, endorsed on the writ of summons issued in the cause, recited that service was made 'by delivering a copy of the writ and petition as furnished by the clerk to J. W. Daugherty, manager of the said defendant corporation, he being in said defendant's usual business office and in charge

thereof. The president or other chief officer of said defendant could not be found in the city of St. Louis at the time of service.' On October 4, 1905, defendant appeared for the special purpose of filing its motion to quash the return of the sheriff to the writ of summons, and filed said motion, stating as a cause why the return should be quashed, that it was insufficient to confer jurisdiction over the person of defendant. Pending the motion, on October 13th, the sheriff was granted leave to amend his return to conform to the facts, and the return was amended to show that Daugherty, who was served, was the manager of defendant and found in defendant's principal office and in charge thereof. Defendant was not served with a notice that application would be made for leave to the sheriff to amend his return, but after becoming aware that leave had been granted and the return amended, made no motion to set aside the order and saved no exception to the action of the court in permitting the sheriff to make the amendment. After the amendment was made, the motion to quash was overruled. Defendant filed no answer and made no further appearance in the cause, and the case passed over until the fourth day of December, 1905, when it was called up and judgment rendered by default for the sum of $1050.30 and costs. The judgment sued upon was properly authenticated and was filed with the petition before the cause was taken up for hearing.

"1. Defendant assigns as error the action of the court in permitting the sheriff to amend his return without notice to it. No proper steps were taken to preserve an exception to this action of the court; besides, the amendment was in response to the motion to quash, and defendant was in court and was constructively, if not actually, present when the order permitting the amendment was made, and was not entitled to any special notice that plaintiff would apply for an order for leave to the sheriff to amend his return.

"2. Defendant contends that the judgment was pre-

maturely taken. The amendment of the sheriff to the return of the writ of summons related back to the date of its actual service, hence the return day was the first day of the October term, 1905 (Webster v. Blount, 39 Mo. 300), therefore, the judgment was not prematurely taken.

"3. Defendant also contends that the judgment is irregular for the reason no inquiry of damages was made. Either party might have demanded a jury to assess the damages. [R. S. 1899, sec. 775; Brown v. King, 39 Mo. 380.] Defendant, by not asking for a jury to assess the damages, waived its right to one, and cannot now be heard to complain because a jury was not called. [Mumford v. Keet, 71 Mo. App. 535.]

"4. Defendant contends that the petition does not state a cause of action, in that it affirmatively appears by the petition that the judgment sued upon was rendered by the United States Court in the Indian Territory, alleged to be a court of limited jurisdiction, and on that account it was necessary to state the facts in the petition, showing that it had jurisdiction of the subject-matter of the suit. Section 6, of the Act of Congress, approved March 1, 1889, establishing a United States Court in the Indian Territory, provides: 'That the court hereby established shall have jurisdiction in all civil cases between citizens of the United States who are residents of the Indian Territory, . . . . or of any state or territory therein, . . . . and when the value of the thing in controversy, or damages or money claimed shall amount to one hundred dollars or more: Provided, That nothing herein contained shall be so construed as to give the court jurisdiction over controversies between persons of Indian blood only.' [25 U. S. Statutes at Large, p. 784.] Plaintiff alleged in his petition, filed in the United States Court, that he was a citizen of the United States and resided in the Indian Territory; that defendant's chief office and place of bus-

iness was in the city of St. Louis, Missouri. Both of these allegations were admitted by the answer of defendant, so that it stands confessed, that plaintiff was a citizen of the United States, residing in the Indian Territory, and that defendant is a citizen of the State of Missouri. This confessed status of the parties brought them under the jurisdiction of the United States Court which rendered the judgment; and these facts are made to appear by the exhibit filed with the petition, and we think the petition substantially follows the formula set forth in the statute (sec. 634, R. S. 1899) for pleading a foreign judgment. Besides, the court rendering the judgment was a United States Court and its judgments are entitled to equal rank and presumption of regularity as judgments of the circuit courts of this state. [Reed v. Vaughan, 15 Mo. 137; Bracken v. Milner, 99 Mo. App. l. c. 194, and cases cited.]

"5. It is contended that the judgment is excessive. In what particular or for what sum it is excessive is not stated. The judgment sued on was for $905, with interest thereon from July 1, 1903, and for costs. The costs were alleged in the petition to be $13.30. Presumably, the trial court computed interest on the principal sum at the legal rate of interest prevailing in Indian Territory, from July 1, 1903, to the date its judgment was entered, and on proof added thereto the $13.30 costs, and rendered judgment for the total amount thus ascertained. We think to have omitted the interest or the costs would have been a denial of the full amount plaintiff was entitled to recover. The appeal is void of merit."

For the reasons above stated, the judgment of the circuit court of the city of St. Louis, heretofore rendered in the cause, is accordingly affirmed. All concur.