L. E. HECKER v. ABE S. BLEISH, BERTHA B. EASTMAN and CHARLES GILES, Appellants.—37 S. W. (2d) 444.

Division One, March 31, 1931.

*Randolph & Randolph, Frank Petree* and *Fielding P. Stapleton* for appellants.

*E. E. Richards* and *Mayer, Conkling & Sprague* for respondent.

FERGUSON, C.—This is an action in ejectment begun in the Circuit Court of Holt County in 1923. The cause was tried by the court without a jury. The record recites a waiver of a jury by the parties. Judgment was for plaintiff for possession of lands therein described, and defendants appealed. In an able opinion by SEDDON, C., in Division One of this court, adopted as the opinion of the court and reported in 319 Mo. 178, 3 S. W. (2d) 1008, the cause was reversed and remanded with specific directions to the trial court to ascertain and determine certain boundaries and to enter a corrected judgment for plaintiff in conformity with such finding, which order we hereinafter set out in full.

For a proper approach to and disposition of the instant appeal, it is necessary that an understanding be had of the matters and issues involved and finally adjudicated and determined on the first appeal, and to that end we refer to the opinion by Commissioner Seddon— the following quotations being excerpts therefrom:

"Plaintiff grounds his claim of title and right to possession of the land in controversy upon a patent from Holt County, conveying to him certain 'lands of island formation.'

"Plaintiff claims that the land in controversy is a part of made or river-bed land which first formed as an island in the Missouri River, and that the island, by reason of accretions attaching thereto, gradually grew larger, and after a considerable time extended to the east shore line or high bank of the Missouri River, and thereby filled up and closed a channel of the Missouri River which had existed for some years between the island and the east shore line or high bank of the river. Defendants claim, and they sought to show, that no island ever formed or existed in the vicinity of the land in controversy, but that the land in controversy is, and always has been, a distinguishable and integral part of lands which had been owned in fee simple by defendants' predecessors in title since the issuance of a patent therefor by the State of Missouri in 1848 and which had been deeded to defendants, or that the land in controversy had accreted to defendants' deeded lands. Hence, the main issue tried was whether the land in controversy is of island or river-bed formation, or accretion thereto, or whether such land always was an integral, distinguishable and discernible part of defendants' deeded lands.

"The land in controversy, . . . is in the northwest quarter of Section 24, Township 63, Range 41, and embraces all of said quarter section, except a small triangular tract of land in the northeast corner of said quarter section of about one acre in area, to which triangular tract plaintiff apparently concedes in his brief, and conceded on the trial, he makes no claim to possession. This small triangular tract of approximately one acre is bounded on the north by the north line of Section 24, or the boundary line between Atchison and Holt counties, and on the east by the north-and-south center line of Section 24, and the hypotenuse of the triangle, extending from the northwest to the southeast, is variously denominated by the witnesses as the 'high bank,' 'left high erosion bank,' 'east bank,' 'old original bank,' and 'old erosion bank,' of the Missouri River. But by whatever name it is called by the witnesses, the evidence tends to show that it marks the location of the extreme easterly shore line or bank to which the Missouri River had extended, or cut in, since the Government survey of 1839. . . . According to the testimony of many of the witnesses, the 'old high bank' of the Missouri River, which separates or divides the land in controversy from the small triangular corner,

is today quite distinguishable, or was at the time of the trial of this cause.

"Plaintiff's evidence tended to show that, about the year 1881, a sand bar or island formed in the bed or channel of the Missouri River, and on the Missouri side of the main river channel; that the island gradually grew larger; . . . that the main or larger channel of the Missouri River ran on the westerly side of the island, and another and smaller channel of the Missouri River ran on the easterly side of the island for several years, thereby separating the island from the 'east high erosion bank' or east shore line of the river; that the waters of the easterly channel of the Missouri River flowed with a perceptible current between the island and the 'east high erosion bank' until 1891, 1892 or 1893; . . . that thereafter the easterly channel of the Missouri River gradually filled with mud and sediment brought down from the hills and uplands by the Nishnabotna River and by two creeks, known as Rock and Mill creeks, and the sediment was discharged by those streams into the waters of the easterly channel of the Missouri River; that the sediment thus discharged into the waters of the easterly channel of the Missouri River was deposited against the northerly and easterly sides of the island; and that the island formation gradually grew larger and extended toward the east until it completely filled the easterly channel, and eventually became joined to the 'old high erosion bank.'

"The trial court, in finding the issues for plaintiff, thereby found the fact to be that the land in controversy was not a part of the original land embraced in the Government survey of 1839, or accretion to such land, . . . and that the land in controversy was remade in the bed or channel of the Missouri River and took form as an island which sprang up in the river bed and which gradually enlarged, by reason of accretion or recession, so as eventually to become joined to the east high erosion bank of the river. Such being the fact as found by the trial court, defendants have no legal title to the land in controversy.

"The main issue tried below was wholly an issue of fact, viz., whether the land in controversy is land of island or river-bed formation and accretion thereto, or otherwise. An examination and analysis of the pleadings discloses, we think, that no equitable issue or defense was tendered by defendants sufficient to convert the action into one in equity, or to make the issue of fact aforesaid exclusively triable by a chancellor. The record indicates that the parties deemed the action, and the issue of fact arising therein, to be triable by a jury, *for the record recites the waiver of a jury by agreement of the parties.* . . . The action was tried by the court, sitting as a jury, without declarations of law asked or given, and without a request for written findings of fact, and the general finding and judgment of the trial court being supported by substantial evidence, such

finding and judgment is conclusive upon this court, unless reversible error in the admission or rejection of evidence, or other procedural error, shall appear to have been committed by the trial court.

"The judgment below orders that plaintiff be restored to the premises, which are described in the judgment as 'all land of island formation in the northwest quarter of Section 24, Township 63, of Range 41, *same being the fractional northwest quarter of Section 24, Township 63, of Range 41,* containing 158.909 acres, more or less,' except two strips of lands, described by metes and bounds, reserved for a public road. The above italicized clause of the judgment makes clear the contention of defendants that the judgment, in describing the premises, includes the whole of the northwest quarter of Section 24, and embraces the high land in the northeast corner thereof that lies easterly, or northeasterly, of the so-called 'high erosion bank' of the Missouri River. . . . The plaintiff on the trial below conceded that he was making no claim for possession of the high land in the northeast corner of said quarter section and lying easterly of the old high erosion bank of the Missouri River, and so concedes in his brief filed in this court. Yet the trial court, by its judgment, awarded to plaintiff the possession of the *whole* of the northwest quarter of Section 24, Township 63, Range 41. In so doing, the trial court entered a judgment which is not supported by the evidence and which is clearly erroneous. . . . It is clear to our minds that the judgment entered below includes, in its description of the premises, the whole of the northwest quarter of Section 24, and, in so doing, necessarily embraces the small triangular tract of land in the northeast corner of said quarter section and lying easterly of the high erosion bank of the Missouri River, . . . to which small tract of land the defendant Bleish appears to have the better and superior record title. Hence, the judgment, in describing the land, awards to plaintiff the possession of more land than the uncontroverted evidence shows he is entitled to, and the judgment must be reversed upon that ground.

"While the judgment below must be reversed and the cause remanded, for the reasons herein stated, nevertheless we do not think that the reversal of the judgment makes necessary a retrial of the issues, inasmuch as it clearly appears that the errors for which the judgment is reversed may be corrected by the entry of a new judgment. It is therefore ordered that the judgment of the circuit court be reversed, and the cause be remanded with directions to the circuit court to ascertain and determine, by and with the aid of a survey, or by additional and further testimony, if such be necessary, the definite location of the old high erosion bank of the Missouri River within the northwest quarter of Section 24, Township 63, Range 41, and to definitely ascertain, determine and describe the boundary lines of the lands in the northwest quarter of Section 24, Township 63

Range 41, which lie westerly of said old high erosion bank, and to enter a new judgment herein that plaintiff have and recover of defendants the possession of the lands in said Section 24, aforesaid, which lie westerly of said old high erosion bank of the Missouri River, according to the boundary lines of said lands as they shall be definitely ascertained and determined by the court.''

Emil C. Bleish and Charles Giles were defendants in this cause when here on the first appeal, but after the opinion here the defendant Emil C. Bleish died and the cause was thereupon duly revived against his two children and heirs at law, Abe S. Bleish and Bertha B. Eastman. The trial court at the February Term, 1929, pursuant to said order and mandate of this court, the parties appearing and being present both in person and by their respective counsel, heard testimony offered by the plaintiff. The defendants did not offer any testimony. The court then entered a new and corrected judgment as follows:

''Now on this 1st day of March, 1929, the same being the 5th day of the February, 1929, Term of said Circuit Court of Holt County, Missouri, come the parties in person and by their attorneys, and this cause coming on for the further consideration of the court in compliance with the mandate of the Supreme Court of Missouri heretofore filed and entered of record in this cause, the court, in pursuance of said mandate of the Supreme Court of Missouri, *doth ascertain and determine by and with the aid of surveyor Sam Loucks and by additional and further testimony this day heard the definite location of the old high erosion bank of the Missouri River within the Northwest Quarter of Section 24, Township 63, Range 41, Holt County, Missouri, and the court doth find, ascertain and determine that said old high erosion bank of the Missouri River within the Northwest Quarter* of Section 24, Township 63, Range 41, Holt County, Missouri, *extends* from a point on the east line of said quarter section 3.45 chains south of the northeast corner of said quarter section; thence North 49° 50' west 5.34 chains to a point on the north line of said quarter 4.08 chains west of the said northeast corner of said quarter, *and the court in pursuance of said mandate of the Supreme Court, doth further definitely ascertain, determine and describe the boundary lines of land in the Northwest Quarter of Section 24, Township 63, Range 41, Holt County, Missouri, which lie westerly of said old high erosion bank as follows, to-wit*: Beginning at the northwest corner of Section 24, Township 63, Range 41, Holt County, Missouri; thence south 40.15 chains to the quarter section corner on the west side of said Section 24, Township 63, Range 41; thence east 39.77 chains to the center of said Section 24, Township 63, Range 41; thence north 36.70 chains to the old high erosion bank of the Missouri River; thence north 49° 50' west 5.34 chains to the north line of Section 24, Township 63, Range 41; thence west 35.19 chains to

the point of beginning, and the court in pursuance of said mandate of the Supreme Court doth enter a new judgment herein that it doth consider, order, adjudge and decree that the plaintiff have and recover of the defendants, the possession of the lands in the Northwest Quarter of Section 24, Township 63, Range 41, Holt County, Missouri, which lie westerly of the old high erosion bank of the Missouri River within the said Northwest Quarter of Section 24, Township 63, Range 41, Holt County, Missouri, which lands are described as follows, to-wit: Beginning at the northwest corner of Section 24, Township 63, Range 41, Holt County, Missouri; thence south 40.15 chains to the quarter section corner on the west side of Section 24, Township 63, Range 41; thence east 39.77 chains to the center of said Section 24, Township 63, Range 41; thence north 36.70 chains to the old high erosion bank of the Missouri River; thence north 49° 50' west 5.34 chains to the north line of Section 24, Township 63, Range 41; thence west 35.19 chains to the point of beginning.''

From this corrected judgment of the trial court, entered as aforesaid, the defendants appeal.

The assignments of error made by appellants (defendants below) may appropriately be grouped and reduced to three in number: (1) That ''appellants were entitled to a trial by jury as to the location of the boundary;'' (2) that the court erred in fixing the ''old high erosion bank'' of the river as the westerly boundary of appellants' land or as being the line between respondent's and appellants' land; and (3) that the evidence upon which the court based its determination of that boundary was too indefinite and uncertain to support the finding and the corrected judgment entered by the court.

On the first assignment the appellants say: ''The case is ejectment; . . . when the case was remanded appellants had a right to a jury trial.''

Being an action at law the defendants were entitled to have the issues of fact arising therein determined by a jury if they had demanded a trial by jury, but the record recited, as is pointed out in the opinion on the first appeal, that in the trial of the cause the parties waived a jury. This court did not remand the cause for a trial *de novo*, but the trial court was merely directed to reopen the case for the sole purpose of definitely locating the ''old high erosion bank'' of the Missouri River within the northwest quarter of said Section 24, and definitely ascertaining, determining and describing the boundary lines of the lands in said northwest quarter of said section which lie westerly of said old high erosion bank, and entering a new judgment ''that plaintiff have and recover of defendants the possession of the lands in said Section 24, afore-

said, which lie westerly of the said old high erosion bank of the Missouri River."

It is not necessary for us to rule the question whether under the circumstances, having waived a jury in the first instance, the appellants were entitled to a trial by jury on the issues of fact to be determined upon the reopening of the case for the purpose directed, as it appears from the record that at such hearing appellants were present in person and by counsel and participated therein, yet no demand was at any time made for a trial by jury of the issues of fact then to be determined. In all civil cases wherein the right to a trial by jury exists, if a jury is not demanded it is thereby waived. [Sprague v. Carroll (Mo. Sup.), 188 S. W. 63; State ex inf. v. Arkansas Lumber Co., 260 Mo. l. c. 277, 169 S. W. l. c. 165; Kansas City v. Woerishoeffer, 249 Mo. l. c. 24, 155 S. W. 783; Drainage District v. Campbell, 154 Mo. 151, 55 S. W. 276; Chicago, M. & St. P. Ry. Co. v. Randolph Town-Site Co., 103 Mo. 451, 15 S. W. 437; Kahn v. Mercantile Town Mut. Ins. Co., 150 Mo. App. 393, 130 S. W. 492; Walker v. Modern Woodmen, 190 Mo. App. 355, 177 S. W. 331.]

Since at the hearing had pursuant to the mandate of this court appellants participated and acquiesced in the trial and submission to the court of the issues of fact then involved without demanding or requesting a trial thereof by jury, they thereby waived the right to one, if they had that right.

Appellants' second assignment, which is, in effect, that this court erred in holding on a former appeal that the "old high erosion bank" of the river marked the westerly boundary of appellants' land and constituted the line between the triangular tract of land to which appellants have title and the land of island formation to which respondents have title and right of possession, is not reviewable on this appeal. That contention is precluded by the former judgment of this court. [First National Bank v. Franklin Bank (Mo. Sup.), 233 S. W. 11, l. c. 14.] The issue of what constitutes the appellants' westerly boundary "being an issue upon the merits went out of this case upon the rendition of the former judgment here;" that and "all other matters were concluded by our judgment" on the former appeal "except the single one set out" in the directions given (McLure v. Bank, 263 Mo. 128, l. c. 136, 172 S. W. 336, 338) and, having become res adjudicata, cannot be reopened on this appeal. [Stump v. Hornback, 109 Mo. 272, l. c. 277, 18 S. W. 37, 38.] The only question which can be reviewed on this appeal is whether the corrected judgment entered by the trial court conformed to and complied with the directions given by this court. [State ex rel. Robertson v. Kelly, 293 Mo. 297, l. c. 300, 239 S. W. 867-868; Stump v. Hornback, supra.] We directed the circuit court "to ascertain and determine by and with the aid of a survey or by additional and further testimony, if such

be necessary, the definite location of the old high erosion bank of the Missouri River,'' within the said northwest quarter and to then ''ascertain, determine and describe'' the boundaries of the lands in the northwest quarter ''which lie west of said old high erosion bank'' and enter judgment for plaintiff for possession thereof. The court heard the testimony of a surveyor offered as a witness by plaintiff. No testimony was offered by defendants. The witness testified that he had shortly theretofore made a survey of and had located and verified the lines and boundaries in question, and submitted a plat, showing said lines and the courses and distances thereof, for the inspection of the court. From the testimony so offered the court made a finding and arrived at a description definitely locating said lines and boundaries and incorporated same in the corrected judgment, which we have hereinabove set out in full. No error in the survey and description as found and adopted by the court is patent upon the record and no evidence contradictory thereof or tending to show same to be incorrect was offered or pointed out by appellants and it appears that the lands and the boundaries thereof are described in the judgment with sufficient certainty to meet the requirements of an enforceable judgment in ejectment. [Jones v. Eaton, 307 Mo. 172, 270 S. W. 105 and cases there cited.]

The finding of the trial court is supported by competent and substantial evidence and the appellants' complaint made in the third assignment of error that the evidence is insufficient to support same is without merit.

It appearing that the trial court has strictly complied with and fully executed the directions given by this court, the corrected judgment is affirmed. *Seddon* and *Sturgis, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.