## SPRATT, Appellant, v. EARLY et al.

### In Banc, November 22, 1906.

1. **FRAUDULENT CONVEYANCE: Res Adjudicata: Homestead: Subsequent Execution as to Excess.** A wife and her husband conveyed a city lot to another of the defendants, and plaintiff, being the owner of a judgment against them, caused execution to be issued and levied on the lot and the lot sold and at the sale bought it and obtained a sheriff's deed thereto, and then brought suit to have their deed set aside as being in fraud of creditors. To his suit they set up a defense that the lot was her homestead. The trial court held that their deed was fraudulent and that she did not have a homestead therein, but had abandoned the same, but on appeal the Supreme Court held that she did have a homestead therein and reversed the judgment. In that suit plaintiff contended that the deed was fraudulent as a whole and as to the entire lot, and made no request, in the trial court or in the Supreme Court, that, if the court should find that the wife had a homestead in the lot, the deed be held to be fraudulent as to the excess and set aside as to such excess. Thereafter he caused another execution to issue, the homestead to be set off, and levy to be made on the excess, and on the sale of the excess bought it and received a sheriff's deed thereto, and now brings this suit to have the deed attacked in the former suit as fraudulent set aside for the same reasons set up then. *Held*, that the plea of *res adjudicata* was good, and that the trial court properly gave judgment for defendants on the pleadings.

2. ————: ————: **Issues Settled.** Whatever issues might have been settled in the former suit, if they had been timely brought forward, but were not, are as conclusively settled by the adjudication as were those specially and specifically adjudicated.

Appeal from Buchanan Circuit Court.—*Hon. H. M. Ramey*, Judge.

AFFIRMED.

*J. F. Woodson* and *John A. Connett* for appellant.

(1) A motion for judgment on the pleadings, like a demurrer, admits all facts that are well pleaded by

the opposite party. Sternberg v. Levy, 159 Mo. 629.
(2) There is no conclusive presumption that every is-
sue which might have been tried under the pleadings
in a given case actually were tried, and have therefore
become *res adjudicata*; but only the matters that were
actually considered by court are settled by the judg-
ment. This rule is thoroughly established in this State.
Tootle v. Buckingham, 190 Mo. 183; Spradling v. Con-
way, 51 Mo. 51; Hickerson v. City, 58 Mo. 61; Baker v.
Lane, 137 Mo. 682; Snodgrass v. Moore, 30 Mo. App.
232; Warden v. Busbee, 89 Mo. App. 117. (3) That
a voluntary conveyance of property which is subject to
execution by a person who is insolvent for the purpose
of delaying, etc., his creditors is void, is elementary
law. That the excess of any tract of land in which there
is a homestead, over and above the homestead, is sub-
ject to execution, appears from section 3617, Revised
Statutes 1899. It is immaterial that certain prelimi-
nary steps must be taken before actually making a sale
of the excess under the execution. Such excess is
clearly subject to execution and can be reached by the
creditors. Surely a court of equity will not permit an
insolvent debtor to deprive his creditors of the right to
have this excess applied to the payment of their claims
—the right to levy execution and have such excess sold
—by his voluntary fraudulent conveyance of it along
with his homestead. The conveyance attacked in this
case was voluntary and made for a fraudulent purpose.
Spratt v. Early, 169 Mo. 357.

*James Moran* for respondents.

(1) The former case of Spratt v. Early, 169 Mo.
357, having been by bill in equity and having been sub-
mitted to the Supreme Court for review on its merits,
the decision thereon, and judgment dismissing his bill
and rendering judgment for defendants, was a final ad-
judication of the land in controversy, and was, there-

fore, *res judicata* as to all matters in issue in this action. Donnell v. Wright, 147 Mo. 639; Hamilton v. McLean, 169 Mo. 72; Bank v. Tracy 141 Mo. 252; 21 Am. and Eng. Ency. Law, 216, 217. The former suit of Spratt vs. these same defendants was an action to set aside the same deed for the same identical reasons as in the action at bar, and, therefore, this action comes under the general rule that "where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest,. but which was not brought forward, only because they have, from negligence, inadvertence or even accident omitted part of their case." Donnell v. Wright, Hamilton v. McLean, and Bank v. Tracy, supra; Chouteau v. Gibson, 76 Mo. 38; Preston v. Rickets, 91 Mo. 200; Caldwell v. White, 77 Mo. 471; Nave v. Adams, 107 Mo. 415; Shelbina Hotel Co. v. Parker, 58 Mo. 327; Railroad v. Traube, 59 Mo. 355. (2) It is a well-settled rule in this court that where a case has been decided by the Supreme Court and is again taken up by appeal, only such questions will be noticed as were not determined in the previous decision. Whatever was passed upon will be deemed *res judicata*, and no longer open to dispute. Baker v. Railroad, 147 Mo. 150; Chapman v. Railroad, 146 Mo. 494; Given v. Wagoner, 116 Mo. 151; Keith v. Keith, 97 Mo. 231; Bank v. Taylor, 62 Mo. 339; Overall v. Ellis, 38 Mo. 209.

GRAVES, J.—After an examination of the record, we find that the facts in this case are fully stated by MARSHALL, J., in the opinion filed in Division No. 1, and we adopt said statement of facts as follows:

"This is a bill in equity to set aside a conveyance, dated September 8th, 1898, from the defendants, Daniel H. Duffy and Elizabeth Duffy, his wife, to Daniel

H. Early, for a portion of lot 9 in block 28 in Patee's Addition to the city of St. Joseph, the portion aforesaid being the excess in area of said lot over and above the eighteen square rods of ground exempt, under section 3616, Revised Statutes 1899, as a homestead of the defendant Elizabeth. There was a judgment for the defendant on the pleadings, without a trial of the merits of the case further than as stated in the pleadings, in the trial court, and the plaintiff appealed.

"The petition charges that at the September term, 1898, of the circuit court of Buchanan county, the plaintiff obtained a judgment against the defendants, Daniel H. Duffy and Elizabeth Duffy, for the sum of $695.53, on a promissory note executed by them on the 16th of April, 1894, to one John Vahey, or order, and by him transferred to the plaintiff; that on the 8th of September, 1898, the defendants Duffy were the owners in fee simple of all of lot 9, in block 28 in Patee's Addition to St. Joseph, and that on that day, they, with intent and design to defeat the collection of said judgment, and to cheat, defeat, hinder and delay their creditors, and especially the plaintiff, executed a warranty deed to all of said lot, to the defendant, Daniel H. Early, but that said conveyance was without consideration and voluntary and fraudulent for the reasons stated; and at all times mentioned, the defendants Duffy were insolvent, and had no property out of which said judgment could have been made; that on the —— day of ———— 1902, the plaintiff caused an execution to be issued on said judgment against said Duffys, and that under said execution the sheriff levied on a certain part of said lot, particularly described in the petition, and being the excess in area of said lot over and above the eighteen square rods exempted for homestead purposes, under section 3616, Revised Statutes 1899, and after complying with the laws with respect to the sale of real estate, under execution, the sheriff sold that part of said lot, on the 17th of November,

1902, to the plaintiff as the highest and best bidder therefor, and executed and delivered to the plaintiff a sheriff's deed therefor. The prayer of the petition is that the deed from the Duffys to Early be set aside, as to said portion of said lot. The answer of the defendants Duffy is a general denial, coupled with a special plea of *res adjudicata,* in which special plea it is stated that the subject-matter of this action was heretofore adjudicated in a suit between the same parties hereto; that on the 18th of October, 1898, the plaintiff instituted an action against these defendants upon "the same identical causes, as is alleged in his petition in this action;" that the case was heard before the circuit court and judgment entered in favor of the plaintiff; that the defendants appealed to this Supreme Court, where the judgment of the circuit court was reversd, and a judgment entered in favor of the defendants. [That case is the case of William E. Spratt v. Daniel H. Early et al., 169 Mo. 357.]

"The answer of the defendant Early is a general denial, with special pleas as follows:

"First. That on the 29th of August, 1895, he purchased the property described in the petition, from the plaintiff, and paid him $2,500 therefor; that he continued to own the property until the 31st of January, 1896, when he sold the same to the defendant Elizabeth Duffy in consideration of the sum of $2,500 to be paid by her in the future, and that in the event of her failure so to do she was to re-convey the property to him; that Mrs. Duffy continued to own the naked legal title to the property until the 8th of September, 1898, when, being unable to pay any part of the purchase price, she re-conveyed the property back to the defendant Early, under the agreement aforesaid; that Mrs. Duffy never paid any part of the purchase price, and that at the time she re-conveyed it to the defendant Early she had no interest or title in the property other than a mere naked legal title, and that the property was not

subject to any indebtedness of Mrs. Duffy that was in existence on September 8th, 1896, the day she conveyed to the defendant Early aforesaid.

"Second. A plea of *res adjudicata* setting up the prior suit by this plaintiff against these defendants, above referred to, including the pleas and judgments of the trial court and the Supreme Court, and in the trial court entered pursuant to the judgment of the Supreme Court.

"The reply to the separate answers is a general denial of all matters not specifically admitted, coupled with an admission as to the prosecution of the prior suit, and an averment that in the prior suit the plaintiff sought to subject the whole of lot 9 aforesaid to the payment of his judgment and in that suit contended that the whole conveyance of the whole lot was fraudulent and void; that the defendants in this suit denied that the conveyance to Early was fraudulent, but alleged that even if there was no consideration therefor, nevertheless, as the property had been acquired with money which Mrs. Duffy had derived from the sale of her homestead, she could transfer said lot without any wrong to the plaintiff, that the trial court found that the conveyance was without any consideration and was void, and that the lot was not the homestead of Mrs. Duffy, but that she had abandoned the same and therefore said lot was subject to plaintiff's judgment; that the defendants appealed from that judgment to the Supreme Court, which court reversed the judgment of the trial court on the ground solely that the property was the homestead of Mrs. Duffy, and therefore was not subject to sale to satisfy the plaintiff's judgment; that the Supreme Court said that if the property was not the homestead of Mrs. Duffy, it would have been subject to the plaintiff's judgment; that in the former suit no point was made, or attempted to be made, as to the area of the lot in question, and that the Supreme Court only adjudicated that Mrs. Duffy had a homestead;

that said lot contains more than eighteen square rods
of ground, and was located in a city then and now
having more than 40,000 inhabitants; that after the de-
cision of this court, in the former case, to-wit, on the
20th day of June, 1902, the plaintiff caused an execu-
tion to be issued on said judgment, and levied upon the
whole of lot 9 aforesaid; that Mrs. Duffy claimed her
homestead in said lot, and refused to designate and
choose the part thereof which she would take as ex-
empt, and the sheriff proceeded in accordance with the
provisions of section 3617, Revised Statutes 1899, and
appointed disinterested appraisers, who, being duly
sworn, set apart to Mrs. Duffy a homestead of the area
allowed by statute as a homestead, and then the sheriff
proceeded with the levy of the execution upon the resi-
due of said lot, which is the property described in this
suit, and that the same was sold and the plaintiff be-
came the purchaser thereof, as stated in the petition;
that in view of the fact that it was adjudicated in the
prior suit that the conveyance by Mrs. Duffy and her
husband to Early was made without consideration, and
was fraudulent and void, except as to her homestead
interest therein, and in view of the fact that her home-
stead in said lot has been set off to her, the plaintiff
claimed that he was entitled to the relief asked in the
petition.

"On the 25th of June, 1903, the cause came on for
hearing, and the defendants filed a motion for judg-
ment on the pleadings for the reason that the plead-
ings conclusively showed, on their face, that the mat-
ters in issue had been formerly adjudicated by the
judgment of the Supreme Court of Missouri. The trial
court sustained the motion, and entered judgment for
the defendants, and the plaintiff appealed."

To summarize the facts in the foregoing state-
ment, it appears, that the plaintiff in this action had
judgment against Daniel Duffy and wife; that as a

199 Sup.—32

judgment creditor he brought suit to set aside a certain conveyance of date September 8, 1898, executed by Daniel H. and Elizabeth Duffy to Daniel H. Early, conveying lot 9 of block 28 in Patee's Addition to the city of St. Joseph, Missouri. This suit was founded upon the ground that said deed had been made for the purpose of defrauding the plaintiff therein and the plaintiff herein as well as the other creditors of the said Daniel H. Duffy and wife. This suit was tried in the circuit court and judgment rendered in favor of the plaintiff finding such conveyance to be fraudulent and setting the same aside. Defendants took an appeal to this court, the result of which is found reported in 169 Mo. 357. In the trial of this case below the defendants showed and this court found that the property involved was impressed with the homestead right of Mrs. Elizabeth Duffy. In the trial of that case which attacked the identical conveyance attacked in this case, there was alleged the same fraud alleged in this case, and the defendants showed the homestead rights of Mrs. Duffy and the plaintiff attempted to show that she had no homestead rights, by reason of the fact that she had abandoned a prior homestead, the proceeds of which the court found were invested in the property herein in dispute. In the former trial, the plaintiff therein, and the plaintiff herein, insisted that the conveyance was fraudulent as to the whole lot, lot 9, as aforesaid. He so insisted, notwithstanding the fact that the defendants in that action urged and introduced evidence upon the question of the homestead right of Mrs. Duffy. Plaintiff then had evidently made up his mind to recover the whole or no part of the lot in question. When it appeared that a homestead interest was claimed by defendants in that action, plaintiff there and plaintiff here could have easily said to the court, if such was found to be a fact then, "I ask that the conveyance be set aside as to the surplus or excess over and above the homestead," and introduced evidence of

there being a surplus. But this he did not do. He chose to take issue upon the question of homestead and cast his die to recover the whole or no part of the lot. He didn't even suggest that, in the event there was a homestead, there might be a. surplus, and he wanted such surplus, but chose to plant himself on the broad ground that there had been a fraudulent conveyance, and he, as a judgment creditor, was entitled to have the same set aside and have the whole property subjected to his judgment lien. He could have shown in that action that there was a surplus over and above the homestead interest of Mrs. Duffy and could have asked the court to say that such surplus or excess be subjected to his claim. But this he did not choose to do and placed the case before this court upon the theory that the conveyance of this lot was fraudulent as a whole and as to all parts thereof.

Without any suggestion in the record that he might be entitled to any part of the lot, he left it to this court to pass upon the character of the conveyance made by Duffy and wife to defendant Early. This court, in 169 Mo. 357, did pass upon the question and adversely to the contention of the plaintiff therein and the plaintiff herein. The court said that the conveyance was not fraudulent because of the homestead right of Mrs. Duffy. Had the plaintiff therein seen fit to have enlightened this court, and the trial court, to the effect that the property involved was in excess of the homestead rights, if any there should be found, the opinion of this court would have been modified to have conformed to the facts. This, the plaintiff therein and the plaintiff herein, did not choose to do. Shylock-like, he chose the whole pound of flesh or none. By the opinion and judgment of GANTT, J., he got none.

After the judgment of this court, gathering the fragments of himself together, he, the same judgment creditor, and upon the same judgment involved in the other proceeding, proceeds to have an execution issued

upon this judgment, and under the execution to have the homestead rights of Mrs. Duffy admeasured and set apart in the property in question and to have the surplus sold under said execution. Upon said sale of the surplus as aforesaid he becomes the purchaser and in this action asked the trial court to set aside the same deed to the same property, or at least a part thereof, involved in the former action, and upon the same ground as involved in the former action. Defendants interposed former adjudication, pleading the facts as hereinabove set out. The replication filed by the plaintiff herein in substance admitted the facts as in this statement contained. Motion was filed for judgment on the pleadings and the trial court sustained the same.

The sole question for us to determine is as to whether or not under the admitted facts in the former suit and the adjudication thereon, this plaintiff herein and the plaintiff therein, can further question this conveyance of date September 8, 1898, and the title to the property as therein expressed. We think not. What is urged in the present action could have been urged in the former action. The first action involved the whole lot, and this a part of the lot. The parties are identical; and the exact contention made in this suit could have been made in the other. Plaintiff did not deem it proper, for reasons perhaps best known to himself, to make the contention. That he could have presented the matter, goes without question. When evidence was introduced as to the homestead rights of Mrs. Duffy, for the purpose of disrobing the conveyance of the alleged fraud, the plaintiff could have shown and should have shown that there was an excess over and above the homestead interest, which could be impressed with the fraud. Had he done so this court would have so said in the former opinion. Parties cannot be permitted to try their cases by piecemeal. Whatever should have been in the first case, for the purpose of passing upon the question of for-

mer adjudication, will be considered to have been there. The whole doctrine is so thoroughly stated by BRACE, J., in case of Donnell v. Wright, 147 Mo. 1. c. 647, that we content ourselves with a short quotation therefrom, without further quotations from the textbooks and cases. Judge BRACE's conclusions are in accord with the great weight of authority. He says: .

"The plea of *res adjudicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. [Henderson v. Henderson, 3 Hare, 1. c. 114.] Or, as expressed in the language of PHILIPS, P. J., in Railroad v. Levy, 17 Mo. App. 507: 'When the merits of the controversy were at issue in the first suit, every objection urged in the second suit having been open to the party within the legitimate scope of the pleadings of the first action, and the whole defense might have been presented in that trial, the matter is *res adjudicata* and must be considered as concluded by the former judgment.' And this is in harmony with all our rulings on this subject. [Shelbina Hotel Ass'n v. Parker, 58 Mo. 327; Railroad v. Traube, 59 Mo. 355; Comstock v. Davis, 51 Mo. 569; Greenabaum v. Elliott, 60 Mo. 25; Caldwell v. White, 77 Mo. 471.]

"This is not only the English rule and the rule in this State, but generally 'the tendency of the American cases is to regard all the issues which might have been raised and litigated in any case to be as completely barred as if they had been directly adjudicated and included in the verdict.' [21 Am. and Eng. Ency. of Law (1 Ed.), 216 and 217, and notes.]"

To the same effect is the doctrine expressed by LAMM, J., in the recent opinion in case of Donnell v. Wright, 199 Mo. 304.

That the question involved in this case could have been litigated in the other is beyond doubt. In fact, the defendant invited the litigation thereof by the evidence offered as to the homestead rights of Mrs. Duffy. Plaintiff seems to have been so intent upon securing the whole loaf as to fail to make the point that he was entitled to a part of the loaf, and this, too, after the defendants had invited him to make the claim by the character of their evidence. Courts cannot be trifled with in this manner. When a case is presented, the whole case should be presented. Suppose the defendants had failed to show the homestead right of Mrs. Duffy in this property, and judgment had gone against them for that reason, which would have been the situation under the opinion of this court at the former hearing, would it be said that they could in another action raise the question omitted and profit thereby? Certainly not. Their failure to make the defense would have been as conclusive upon them as if made and adjudicated against them. It was a matter which could have been raised and adjudicated and such are considered as adjudicated. What is sauce for the goose is likewise sauce for the gander. Plaintiff could have had an adjudication of his right to a surplus, if any there was, in the former suit, but he failed so to do. He sought to take the whole lot rather than a part. We are of the opinion that the plea of former adjudication was good, and the trial court has committed no error. The judgment of the circuit court is affirmed.

All concur.