**WALSH CONST. CO. v. UNITED STATES GUARANTEE CO.***

No. 10082.

Circuit Court of Appeals, Eighth Circuit.

March 12, 1935.

See, also, 67 F.(2d) 679.

Edmond M. Cook, of Davenport, Iowa (Reuel B. Cook and Walter M. Balluff, both of Davenport, Iowa, on the brief), for appellant.

Frederic M. Miller, of Des Moines, Iowa (Jesse A. Miller, of Des Moines, Iowa, and W. M. Chamberlin, of Davenport, Iowa, on the brief), for appellee.

Before WOODROUGH and FARIS, Circuit Judges, and DONOHOE, District Judge.

FARIS, Circuit Judge.

Heretofore, the appellant, as plaintiff therein, sued defendant at law on a bond

*Rehearing denied June 24, 1935.

which guaranteed payment of money deposited by appellant in the American Commercial & Savings Bank, of Davenport, Iowa, which had failed, owing appellant a large sum, held in a savings account. In that suit, which we shall call the first suit, appellant had judgment for the full amount of the bond, plus interest and costs. This first suit was tried to a jury; but, at the close of the trial, both parties moved the court for a directed verdict. Thereupon the jury was discharged, and considering, of course, only the law of the case on facts not disputed, the trial court entered judgment for appellant.

Appellee in the case at bar, who was appellant in the first suit, brought that case here, wherein it was reversed. In reversing it this court held that, since the bond of appellee herein did not cover a savings account, and since the money of appellant was wholly in such an account, at the time the bank failed, appellee was not liable on its bond. Thereafter appellant filed its motion in this court for a rehearing, praying in the alternative, among other relief, that this court modify its opinion and judgment, by remanding the case to the trial court, so that an amended petition, sounding in equity for a reformation and money judgment, could be filed by appellant herein. This motion for a rehearing, or to modify and remand, was denied by this court on December 12, 1933, and at the November term, 1933, at St. Louis, which term has long since ended.

In this situation of the case and the record, when the case got back on mandate to the District Court, appellant asked leave in that court to amend its original petition, so as to state a cause or action in equity for reformation of the bond sued on. Leave to amend at first was granted; but later, on motion of the appellee herein, the amendment was stricken out of the petition and judgment was rendered for the appellee, following, as the trial judge deemed, the opinion and mandate of this court on the former appeal.

The sole question is, Was the case, upon the undisputed record, so far finally disposed of by the opinion, judgment, and mandate on the first appeal, that no further proceedings in the trial court were warranted.

It must, of course, be borne in mind that on the first trial below, at the close of the evidence, both plaintiff and defendant therein asked the trial court for a direct-

ed verdict. It is a settled rule in the federal courts that "where both parties request a peremptory instruction and do nothing more they thereby assume the facts to be undisputed." Williams v. Vreeland, 250 U. S. 295, 39 S. Ct. 438, 439, 63 L. Ed. 989, 3 A. L. R. 1038; Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654. Other considerations may modify the rule, but these are not present here. Moreover, counsel for appellant, in the motion for a directed verdict, categorically stated "there is no disputed fact under this record." So, if the law did not settle this question, the admission of counsel does settle it. Therefore, since no fact was in dispute on the former appeal, no necessity existed to send the case back to be retried on questions of law which this court had the undoubted right finally to determine for itself, and, applying the law to such facts, to render final judgment. Forged Steel Wheel Co. v. Lewellyn, 251 U. S. 511, 40 S. Ct. 285, 64 L. Ed. 380. This was done by this court, as is shown by the concluding language of the opinion, which reads thus: "There are many other assignments of error, but as the bond does not cover the funds lost, there can be no recovery, and the judgment appealed from should be reversed." United States Guarantee Co. v. Walsh Construction Co. (C. C. A.) 67 F.(2d) 679, 681. Carrying out the opinion of this court the judgment and mandate, so far as pertinent, say: "It is now here ordered and adjudged by this court, that the judgment of the said district court, in this cause, be and the same is hereby reversed with costs, and that the United States Guarantee Company have and recover against the Walsh Construction Company the sum of $404.30 for its costs in this behalf expended and have execution therefor. * * * You therefore are hereby commanded that such execution and proceedings be had in said cause, in conformity with the opinion and judgment of this court, as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding."

From the language quoted above from the opinion, judgment, and mandate, it seems clear that what this court intended to do was to reverse the case outright and finally to put an end to it, and the language employed was meet for that purpose. If this court had said in its former opinion [67 F.(2d) 679] in the case that it was "reversed and remanded for a new trial," or "reversed and remanded for further pro-

ceedings," or "reversed to the end that repleader could be had, if counsel were so advised," it might well be contended that the plain letter of the opinion, judgment, and mandate permitted a hearing de novo; but that is neither the case nor the language used. For this court plainly said: "The bond does not cover the funds lost, there can be no recovery, and the judgment appealed from should be reversed." The judgment and mandate of this court ordered execution to issue, thus again indicating that the case was at an end. It will be found quite uniformly to be the rule that, when an appellate court, finding under the law that no recovery can be had, uses the word "reversed" without more, this means that the case is at an end. Donnell v. Wright, 199 Mo. 304, 97 S. W. 928. Obviously, this case was, upon the pleadings and evidence as they then stood, utterly at an end, when it was reversed, and when the motion for a rehearing had been overruled. The case of Donnell v. Wright, supra, is as to the controlling facts and the principles announced precisely similar to the case at bar.

■ This motion for a rehearing, it will be kept in mind, asked as an alternative that, if no rehearing should be granted, "the order of reversal should be modified, so that it transfers this case to equity, and directs that the parties be granted leave to amend their pleadings." When this motion for a rehearing or to modify the opinion came up in this court, the entire record was before the court, as it now again is before us, perforce judicial notice. It there appeared that estoppel had been set up by the replication of plaintiff, and over objections by defendant the testimony of the agent who procured the bond, as also letters, evidencing negotiations antecedent to the issuance of the bond, were offered. By large inference, all of the evidence which might bear upon the right of reformation was then presented. Yet this court was not, on the former appeal, moved by that evidence to consider the request to modify its opinion. In short, the record then furnished no basis whatever for a modification of the opinion then rendered.

■ But, even if this were not so, yet the facts and the law remain that the motion to modify was overruled, and the term of this court, at which it was overruled, has ended, and no modification can now be had. It was the duty of counsel, if not satisfied with the ruling of this court, to have pursued the matter further by a writ of certiorari. If they did not do so, or if, doing so, such writ was refused, the situation was foreclosed. Donnell v. Wright, 199 Mo. 304, loc. cit. 314, 97 S. W. 928.

■ This situation, it is clear, violates the rule that a lawsuit cannot be tried piecemeal. McLure v. Bank, 263 Mo. 128, 172 S. W. 336; Spratt v. Early, 199 Mo. 491, 97 S. W. 925. If all issues arising in the case, which plaintiff had when it began this suit, were not embodied in it, they should have been. Henderson v. Henderson, 3 Hare, loc. cit. 114; note, 34 L. R. A. 321; 2 R. C. L. 224; McLure v. Bank, supra; The Santa Maria, 10 Wheat. 431, 442, 6 L. Ed. 359; 21 Am. & Eng. Encyc. of Law 216.

Undoubtedly, this court had the right on the first appeal, if it had deemed that procedure proper in the then state of the record, to have transferred the case to the equity side, or to have sent it back for an amendment of the pleadings and for a retrial on the equity side. Irons v. Smith (C. C. A.) 62 F.(2d) 644; Great American Insurance Co. v. Johnson (C. C. A.) 25 F.(2d) 847; Clarksburg Trust Co. v. Commercial Casualty Ins. Co. (C. C. A.) 40 F.(2d) 626; Jack v. Forrest (C. C. A.) 71 F.(2d) 264; Moon Motor Car Co. v. Moon (C. C. A.) 58 F.(2d) 90. But, unfortunately for appellant, this was not done. So whether it ought to have been done is beside the question. Donnell v. Wright, supra. The Clarksburg Trust Co. Case, supra, and the case of Great American Insurance Co. v. Johnson, supra, here greatly relied on by appellant, were cases where, as to one of them, a case tried on the law side of the docket was on the first appeal considered as tried below on the equity side of the docket, and affirmed, and the other case was also, on the initial appeal, sent back to be tried on the equity side of the docket, nisi. So, arguendo, it may be conceded that the difference between the two cases last above and this at bar is the difference between what might have been done had the record warranted, and what was actually done.

■ Nor does, as counsel for appellant urge, rule 32 of this court at all aid it. So far as is pertinent to the contention made, this rule says: "In all cases finally determined in this court, a mandate or other proper process in the nature of a procedendo shall be issued by the clerk in all cases to the court below, at the expiration of 30 days after the date of the judgment or decree, unless otherwise ordered, for the purpose of

informing such court of the proceedings in this court, so that further proceedings may be had in such court as to law and justice may appertain."

This rule simply requires a mandate in the nature of a procedendo, the effect of which, as was the effect of the writ of procedendo, is to hand back to the nisi prius court a jurisdiction over the case which it had lost for the time, perforce the appeal. The writ procedendo is merely a writ from an appellate court commanding the court from which the case was appealed to proceed to judgment, so far as the thing is now pertinent here. Under the rule, supra, the "mandate, or other proper process, in the nature of a procedendo," takes the place of the writ proper. Its terms of necessity are as various as the different situations require. Obviously, it cannot and does not always require a new trial, since it applies to equity cases as well as cases at law. For a case may be reversed outright; or reversed and remanded; or reversed to be tried anew in accord with the opinion of the court, or not inconsistent therewith; or reversed and remanded with instructions; or reversed with instructions to retry a single issue only, or in other ways not necessary to write down. So the rule merely requires that the case be sent down, or handed back to the trial court, so that court may have jurisdiction (which it lost on appeal) to record and carry out the judgment of the appellate court. It is undoubtedly the fact, as already forecast, that, when an appellate court reverses a case, without more, the general understanding among bench and bar is that the case is at an end. If the situation anywhere requires further action in the name of justice, steps must be taken promptly to modify the opinion and judgment before the lapse of the current term; otherwise the mandate in the nature of a procedendo becomes a final and unalterable command to the nisi prius court. Donnell v. Wright, supra.

■ It is true that Jud. Code § 269, as amended by Act February 26, 1919 (section 391, tit. 28 USCA), in fair effect, requires that judgment shall be given "without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." But the statute says more than this; for it requires the judgment to be given to be based on "an examination of the entire record before the court"; not of some other record, not of a record thereafter to be made, but of the record then before the court. It furnishes no warrant for setting aside a former judgment which has become final by the lapse of the term.

If appellant has stumbled into a technical pit from which there is no escape, this pit was of its own digging; and settled rules of procedure may not be broken beyond repair by our letting down a ladder (if figures of speech may be mixed) on which it may climb out.

It is difficult to escape the conclusion that what is here sought to be done in fair effect violates that ancient but still living maxim of the law, which, roughly translated, reads, "No one should be harassed twice for one and the same cause." Appellant sued at law to recover on a bond which rather plainly did not cover its loss, as the bond stood written; being ultimately cast, it sought to reform this selfsame bond and again sue at law on the identical bond.

We are of opinion that the trial court correctly construed the opinion, judgment, and mandate of this court on the former appeal; that, if these at all squinted at injustice—and we do not think they did—this was not due to any fault of this court or of the trial court. It results that the judgment appealed from should be affirmed, with costs, and so it is ordered.