*1134 OPINION.
Lansdon:
The respondent has agreed that the drainage district is a political subdivision of the State of Missouri, and such has been the holding of the Missouri and Federal courts. Morrison v. Mowery, *1135 146 Mo. 543; Land & Stock Co. v. Miller, 170 Mo. 240; State ex rel v. Hughes, 294 Mo. 1; Hauck v. Drainage District, 239 U. S. 254.
The petitioner does not contend that he was an officer of the drainage district, but contends that he was an employee thereof within the meaning of section 1211 of the Revenue Act of 1926, and that his services were so intimately connected with the performance of governmental functions by the drainage district that his compensation is exempt from Federal taxation by implications of the Constitution of the United States.
The petitioner was not employed for a special transaction, to accomplish a particular result. He was employed to render any legal service desired of him and, together with other attorneys, he was to take care of all the legal work of the drainage district. Though he was not precluded from continuing his private practice, he could not represent clients whose interests were adverse to those of the drainage district. Under the first contract his compensation was fixed at a percentage of the bond issue which is in no way dependent upon the result of services and skill. In 1922 he was given a fixed amount.
We think the petitioner was an employee of the drainage district and that his compensation as such is exempt from income tax under section 1211 of the Revenue Act of 1926. James B. McDonough, 16 B. T. A. 556; D. F. Strickland et al., 16 B. T. A. 419; B. F. Martin, 12 B. T. A. 267; Howard Webster Byers, 8 B. T. A. 1191; John E. Mathews, 8 B. T. A. 209; affd. 29 Fed. (2d) 892; Howard v. Commissioner, 29 Fed. (2d) 895; and Reed v. Commissioner, 34 Fed. (2d) 263.

Decision tuill be entered for the 'petitioner.